IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

PEARL Y. GLASGOW,

    Plaintiff,

v.                                                                    Civil Action No. 2:16cv590

WAL-MART STORES EAST, LP,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff Pearl Glasgow's ("Plaintiff") Motion to Compel Answers to Interrogatories and Request for Production of Documents ("Motion to Compel"). Doc. 12. For the following reasons, the Court **DENIES** Plaintiff's Motion to Compel.

### I.    BACKGROUND

**A.    Factual and Procedural History**

Plaintiff alleges that she fell and suffered injuries in a Walmart Store in Virginia Beach on November 7, 2014. Doc. 1, Ex. A ¶¶ 1–10. On August 19, 2016, Plaintiff filed a Complaint in Norfolk Circuit Court. Id., Ex. A. On September 12, 2016, Defendant filed its answer. Id., Ex. B. "[O]n or about September 20, 2016, the [P]laintiff filed Interrogatories and a Request for Production of Documents to the [D]efendant." Doc. 12 at 1. On October 5, 2016, Defendant filed a Notice of Removal. Doc. 1 at 1. On October 20, 2016, the Defendant filed objections to Plaintiff's discovery. Doc. 12 at 1; Doc. 14 at 1. On October 28, 2016, this Court issued a Rule 26(f) Pretrial Order in this matter. Doc. 8. On November 15, 2016, Plaintiff filed the instant Motion to Compel. Doc. 12. On November 29, 2016, Defendant responded in opposition to the

1

instant Motion to Compel. Doc. 14.

## II. LEGAL STANDARDS

"The Federal Rules contemplate the broadest discovery possible in the search of the truth." Kline v. Martin, 345 F. Supp. 31, 32 (E.D. Va. 1972). Parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Though information "need not be admissible in evidence to be discoverable," the discovery must be

> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Id.; see also Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries.") A party seeking discovery may move the Court to compel answers to interrogatories and production if the nonmoving party objects or fails to respond. Fed. R. Civ. P. 37(a)(3)(B). Prior to filing a motion to compel, the parties must meet and confer to attempt to resolve the dispute without the Court's intervention. Fed. R. Civ. P. 37(a)(1). On a motion to compel, "the burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted." Singletary v. Sterling Transp. Co., 289 F.R.D. 237, 241 (E.D. Va. 2012). "[T]he party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Even so, the court may compel discovery for good cause within the limitations of Rule 26(b)(2)(C). Id.

## III. PARTIES' ARGUMENTS

Plaintiff contends that "[D]efendant has failed to file any substantive response to discovery." Doc. 13 at 1. Plaintiff argues that "Rule 33(b)(2) and Rule 34(b)(2) require answers to discovery within thirty (30) days" and that "Defendant has failed to comply with the Rules." Id. Plaintiff further claims the requested discovery "seeks information relevant to the subject matter involved in the litigation." Id.

Defendant responds that the Motion to Compel should be denied for two reasons. Doc. 14 at 2–3. First, "Plaintiff's Motion to Compel should not even be considered by the Court because it does not contain the required 'meet and confer' statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue." Id. at 2. Defendant claims that "Plaintiff's counsel did not confer with defense counsel in an effort to resolve the discovery matter in controversy prior to filing the Motion [to Compel], nor did he accompany his Motion [to Compel] with a statement to that effect." Id. at 3. Second, "Plaintiff's Motion to Compel should be denied because under the Rule 26(f) Pretrial Order the discovery is not yet due." Id. Defendant quotes the Rule 26(f) Pretrial Order as stating that "the parties may initiate any form of discovery at any time subsequent to the date of this order, provided that no party will be required to respond to a deposition notice or other form of discover sooner than January 4, 2017, unless specifically ordered by the Court." Id. Because the Court has not specifically ordered discovery, Defendant argues it "is not required to respond to discovery sooner than January 4, 2017." Id.

### IV. ANALYSIS

Plaintiff's arguments in support of the Motion to Compel are unavailing. Plaintiff did not meet and confer with defense counsel prior to filing the instant Motion to Compel, as required under Local Rule 37. Additionally, Plaintiff's Motion to Compel requests the production of

3

discovery prior to the deadline noted in the Court's Rule 26(f) Pretrial Order. As such, the Court **DENIES** Plaintiff's Motion to Compel at this time.

V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Compel. Doc. 12.

The Clerk is **REQUESTED** to deliver electronically a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA

February 13, 2017