# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

**PEARL Y. GLASGOW,**

        **Plaintiff,**

        **v.**                                **Civil Action No. 2:16cv590**

**WAL-MART STORES EAST, LP,**

        **Defendant.**

## <u>ORDER</u>

This matter is before the Court on Defendant Wal-Mart Stores East, LP's ("Defendant")

Motion to Quash Plaintiff's Subpoena and Entry of a Protective Order ("Motion" or "Motion to

Quash"). Doc. 20. Plaintiff Pearl Y. Glasgow ("Plaintiff") opposes the Motion. Doc. 23. For

the reasons set forth herein, the Court **GRANTS** Defendant's Motion.

## I.      BACKGROUND

Plaintiff alleges that she fell and suffered injuries in a Walmart Store in Virginia Beach

on November 7, 2014. Doc. 1, Ex. A ¶¶ 1–10. On August 19, 2016, Plaintiff filed a Complaint

in Norfolk Circuit Court. Id., Ex. A. On September 12, 2016, Defendant filed its answer. Id.,

Ex. B. On October 5, 2016, Defendant filed a Notice of Removal. Doc. 1 at 1. On October 28,

2016, this Court issued a Rule 26(f) Pretrial Order in this matter. Doc. 8. On November 15,

2016, Plaintiff filed a Motion to Compel. Doc. 12. On November 29, 2016, Defendant

responded in opposition to Plaintiff's Motion to Compel. Doc. 14. On January 31, 2017, the

Court GRANTED Defendant's Order Regarding Examination Pursuant to Federal Rule of Civil

Procedure 35. Doc. 16. Dr. John Aldridge, a physician selected by the Defendant, conducted a

Rule 35 examination of Plaintiff. Doc. 21 at 1; Doc. 23 at 1. On February 6, 2017, Dr.

Aldridge's report was filed with the Court. Doc. 17. On February 13, 2017, the Court DENIED Plaintiff's Motion to Compel. Doc. 18. On February 14, 2017, Dr. Aldridge was served with a Rule 45 subpoena. Doc. 21 at 1–2. On February 28, 2017, Defendant filed the instant Motion. Doc. 20. On March 3, 2017, Plaintiff responded in opposition to the instant Motion. Doc. 23. On March 9, 2017, Defendant replied in further support of the instant Motion. Doc. 24.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 45 governs the issuance, service, and quashing of subpoenas, including subpoenas duces tecum. Fed. R. Civ. P. 45. Rule 34(c) permits a party to serve on a non-party a request to produce documents within the scope of Rule 26(b). See Fed. R. Civ. P. 34(c). Rule 26(b)(4) limits the "right of access by an opposing party to the evidence of experts who have been retained to testify in the case, and the discovery of facts and opinions of those experts cannot obtain solely under rule 45 where . . . a bare subpoena duces tecum has been issued for the expert's files." Marsh v. Jackson, 141 F.R.D. 431, 432 (1992). Further, "Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party. None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum." Id. at 433.

Rule 26(a)(2)(B) governs witnesses who must provide a written report and what the report must contain. Specifically, such a report must include

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

2

Fed. R. Civ. P. 26(a)(2)(B). Further, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding the disclosure or discovery of the material at issue. Fed. R. Civ. P. 26(c)(1).

## III.    PARTIES' ARGUMENTS

### A.    Defendant

Defendant argues the subpoena served on Dr. Aldridge should be quashed because it is not permitted under the Federal Rules and because it "seeks production far beyond what is required by the Federal Rules and Case law." Doc. 21 at 3.

Defendant claims Dr. Aldridge's subpoena should be quashed because "the issuance of a bare Rule 45 subpoena to an expert who has been retained to testify on behalf of an opposing party is not permitted under the Federal Rules." Id. Defendant alleges that the "Federal Rules provide for permissible forms of discovery for experts who have been retained to testify on behalf of any opposing party under Rule 26, Rule 30, and Rule 34." Id.

Defendant relies on Marsh v. Jackson for the proposition that a Rule 45 subpoena is not a permitted form of discovery under the Federal Rules. 141 F.R.D. 431, 432 (1992); see Doc. 21 at 3. The Marsh opinion states that "Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party. None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas duces tecum." 141 F.R.D. at 433. Defendant notes that "Plaintiff is able to seek production of documents under Rule 34 allowing Walmart, who retained the expert, to review the documents subpoenaed and object to their production if necessary." Doc. 24 at 2. Defendant claims that because Dr. Aldridge has been retained by Defendant as a testifying expert witness, "the permitted avenues for discovery of a testifying

3

expert witness are Rules 26 and 30 and as such, the Rule 45 subpoena issued by Glasgow is improper and should be quashed." Doc. 21 at 4.

Defendant further argues the subpoena should be quashed because it "seeks production far beyond what is required by the Federal Rules and Case law." Doc. 21 at 3. Notably, the subpoena seeks

> a list of cases that Dr. Aldridge has only been asked to testify, whether he did testify or not, lists of cases where he has simply been retained, the names of all attorneys and insurance companies he has worked with on those cases, and tax documentation which will necessarily include personal and irrelevant information.

Id. Defendant claims the requested information exceeds the bounds of Rule 26(b)(4), is largely irrelevant, and that Plaintiff has failed to show any exceptional need for the information. Id. at 5–7. Finally, Defendant argues that the Court should issue a protective order "forbidding the discovery requested in Glasgow's Subpoena." Id. at 8.

## B.    Plaintiff

Plaintiff claims its subpoena is proper and that the Forth Circuit "permits discovery of documents tending to establish bias and/or prejudice of an expert witness, including financial records within the scope of Rule 26(b)." Doc. 23 at 4. Plaintiff argues "Defendant's reliance on Marsh v. Jackson, 141 F.R.D. 431 (1992), is misplaced." Id. Plaintiff claims that in "that case the issue was the discovery of the facts and opinions of the expert, here in the form of a subpoena for the entire file." Id. Plaintiff argues the Marsh court concluded "that Rule 45 remains a limitation on the right to discover the facts and opinions of experts, and therefore a subpoena for the expert's entire file was not permitted." Id. Plaintiff alleges the "subpoena duces tecum herein has nothing to do with Rule 45 discovery, it seeks bias materials not the facts and opinions of an expert witness." Id.

Plaintiff also argues that Defendant's disclosure, "which purports to show the number of cases Dr. Aldridge has been involved in over the last four years[,] is false." Id. at 4; see Doc. 21, Ex. B. Further, Plaintiff alleges Defendant's disclosure is "not only false but is intentionally misleading." Id. at 5. Plaintiffs note that Dr. Aldridge has testified that he has been involved in over five hundred cases as an expert. Id. As such, Plaintiff argues the production of Dr. Aldridge's tax returns, 1099's, and W2's is necessary. Id.

## IV.    ANALYSIS

While a party is permitted to establish facts that show interest, bias, or prejudice of an expert witness, the Federal Rules do not permit a party to issue a Rule 45 subpoena to a disclosed expert witness. In addition to Marsh, 141 F.R.D. at 433, the court in Schwarz & Schwarz of Va. L.L.C. v. Certain Underwriters at Lloyd's London Who Subscribed to Policy No. NC959 held that a Rule 45 subpoena issued to the defendant's testifying expert was improperly issued. No. 6:07cv42, 2009 WL 1043929, at *6 (W.D. Va. Apr. 17, 2009). Plaintiff may seek discovery to show Dr. Aldridge's interest, bias, or prejudice under Federal Rules 26, 30, and 34. Thus, Plaintiff's Rule 45 subpoena of Dr. Aldridge is improper.

Further, despite Plaintiff's claims, Dr. Aldridge's expert testimony disclosure is accurate and not misleading. Federal Rule of Civil Procedure 26(a)(2)(B) requires the disclosure of expert testimony to include "a list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). As Defendant notes, "the case list provided in Dr. Aldridge's disclosure lists every case in which Dr. Aldridge has testified as an expert or by deposition." Doc. 24 at 3. Plaintiff's reference to Dr. Aldridge's involvement in over five hundred cases as an expert "lists not just the cases that Dr. Aldridge has testified in, but also cases in which he has performed a medical evaluation or a records review."

5

Id. As such, Dr. Aldridge's disclosure report is not misleading. For these reasons, the Court **GRANTS** Plaintiff's Motion to Quash. Doc. 20. Further, the Court **ORDERS** that a Protective Order is hereby entered preventing Plaintiff from issuing similar Rule 45 subpoenas to Defendant's expert witness.

## V.     CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Quash. Doc. 20. The Clerk is **REQUESTED** to deliver electronically a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/

Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
April ___, 2017