IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

PEARL Y. GLASGOW,

    Plaintiff,

v.                                                        Case No. 2:16-cv-00590

WAL-MART STORES EAST, LP,

    Defendant.

## PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION AND DISCOVERY ABUSE

COMES NOW the plaintiff, by counsel, pursuant to FRCP Rule 37(c) and Rule 37(e) and moves this Court for an Order imposing sanctions against the defendant, and in support thereof states as follows;

1. That on or about November 17, 2014, the plaintiff was a business invitee on property owned and operated by the defendant Wal-Mart Stores East, LP, located in the City of Virginia Beach, when she fell on a liquid substance left in the walkway of the store.

2. That on the accident date, the defendant Wal-Mart took photographs of the scene of the accident, secured a video, and pursuant to company policy and procedure retained the photographs and a video of the accident and accident scene.

3. That on or about April 20, 2016 plaintiff by counsel, sent a letter, certified mail, requesting preservation of all evidence, including photographs and videotapes. (See attached Exhibit A.)

4. That at all times mentioned herein Wal-Mart's policy for "Customer Accident Investigation" required a manager to report to the accident scene, take photographs,

obtain the video, and preserve all evidence in an accident folder. (See attached Exhibit B and C.)

5. That on or about September 20, 2016, the plaintiff propounded Interrogatories and Request for Production of Documents to the defendant.

6. The defendant, Wal-Mart, misplaced and/or destroyed the photographs and the video of the accident and accident scene and has failed to produce this evidence in response to the Plaintiff's Request for Production of Document.

7. That on or about January 4, 2017, Wal-Mart filed Answers to Interrogatories and Request for Production of Documents identifying all witnesses working at the property at the time of the accident and all employees who had contact with the plaintiff at that time. (See Defendant's Answers to Discovery Exhibit D.)

8. That on January 26, 2017, the plaintiff, relying upon answers to discovery, took the deposition of the store manager, Marty Reighard, identified in the Defendant's Answers.

9. That during the deposition of Mr. Reighard, it was revealed that Wal-Mart failed to disclose the names of any salaried employees who were witnesses to events leading up to and following the accident. Wal-Mart only provided the names of hourly associates at the time of the accident, none of whom were identified as having knowledge of the accident. (See Deposition January 26, 2017 Marty Reighard, pp 32-39.)

10. Wal-Mart intentionally withheld the names of <u>ALL</u> employees with supervising authority, whose statements would constitute an admission on behalf of the defendant, and intentionally failed to disclose the names of any and all supervisors and department heads in response to Discovery.

11. That during the litigation of this case, the defendant lost and/or destroyed all photographs and video evidence, failed to provide the names of known witnesses and failed to provide a corporate representative with knowledge, all with the intent to circumvent the discovery process, and destroy evidence.

12. That spoliation of evidence, including photographs and surveillance videos reasonably likely to be requested during discovery is sanctionable.

WHEREFORE, Plaintiff moves this court for an order, imposing appropriate Sanctions against the defendant, prohibiting the defendant from introducing designated matters in evidence, entering default judgment against the Defendant, an award of attorney's fees and cost in furtherance of this Motion, and for such further relief as the court may deem appropriate.

PEARL Y. GLASGOW,

By: _____
Of Counsel

William D. Breit, Esquire (VSB # 17814)
Breit Law PC
5544 Greenwich Road, Suite 100
Virginia Beach, VA 23462
Phone: (757) 456-0333
Fax: (757) 456-0002
Email: bbreit@breitlawyer.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> D. Cameron Beck, Jr. (VSB # 39195)
> Nicole D. Irwin (VSB # 85409)
> McCANDLISH HOLTON MORRIS
> P.O. Box 796
> Richmond, VA 23218
> (804) 344-8300 Telephone
> (804) 344-8359 Facsimile
> cbeck@lawmh.com
> nirwin@lawmh.com

I certify that on this 12th day of May, 2017, I mailed a true copy of the foregoing **Motion for Sanctions for Spoliation and Discovery Abuse** via U.S. Mail pursuant to the provisions of Rule 5(d) of the Federal Rules of Civil Procedure as follows to:

> D. Cameron Beck, Jr. (VSB # 39195)
> Nicole D. Irwin (VSB # 85409)
> McCANDLISH HOLTON MORRIS
> P.O. Box 796
> Richmond, VA 23218
> (804) 344-8300 Telephone
> (804) 344-8359 Facsimile
> cbeck@lawmh.com
> nirwin@lawmh.com

> /s/
> William D. Breit, Esquire (VSB # 17814)
> Breit Law PC
> 5544 Greenwich Road, Suite 100
> Virginia Beach, VA 23462
> Phone: (757) 456-0333
> Fax: (757) 456-0002
> Email: bbreit@breitlawyer.com