IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

PEARL Y. GLASGOW,

    Plaintiff,

v.                                    Civil Action No. 2:16cv590

WAL-MART STORES EAST, LP,

    Defendant.

## ORDER

This matter came before the Court for a Final Pretrial Conference ("FPTC") on May 23, 2017. Four (4) Motions were pending before the Court: Defendant Wal-Mart Stores East, LP's ("Defendant's") Motion for Summary Judgment, Doc. 26, Motion In Limine to Exclude Walmart's Policies and Procedures ("Motion In Limine"), Doc. 29, and Motion to Strike Plaintiff's Brief in Opposition to Summary Judgment ("Motion to Strike"), Doc. 35, and Plaintiff Pearl Y. Glasgow's ("Plaintiff's") Motion for Sanction for Spoliation and Discovery Abuse ("Motion for Sanctions"), Doc. 31. For the reasons stated on the record, the Court **GRANTED** the Defendant's Motion for Summary Judgment and **DENIED** Plaintiff's Motion for Sanctions. As such, the Court also **DISMISSED** Defendant's Motion In Limine, Doc. 29, and Motion to Strike, Doc. 35, as **MOOT**.

### I. BACKGROUND

A.   **Procedural History**

Plaintiff alleges that she fell and suffered injuries in a Walmart Store in Virginia Beach on November 7, 2014. Doc. 1, Ex. A. at 1–2. On August 19, 2016, Plaintiff filed a Complaint in

1

Norfolk Circuit Court. Id., Ex. A. On September 12, 2016, Defendant filed its Answer. Id., Ex. B. On October 5, 2016, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. Doc. 1 at 1. On October 14, 2016, Plaintiff filed a Motion to Remand. Doc. 6. On October 28, 2016, Defendant responded in opposition to the Motion to Remand. Doc. 9. On November 1, 2016, Plaintiff replied in further support of the Motion to Remand. Doc. 10. On November 4, 2016, the Court DENIED Plaintiff's Motion to Remand. Doc. 11. On April 18, 2017, Defendant filed a Motion for Summary Judgment. Doc. 26. Plaintiff did not file a timely response in opposition to Defendant's Motion for Summary Judgment. On May 11, 2017, Defendant filed a Motion In Limine to Exclude Walmart's Policies and Procedures. Doc. 29.

On May 12, 2017, Plaintiff filed a Motion for Sanctions, Doc. 31, and an untimely brief in opposition to Defendant's Motion for Summary Judgment.[1] On May 18, 2017, Defendant filed a Motion to Strike Plaintiff's Brief in Opposition to Summary Judgment. Doc. 35. On May 18, 2017, Defendant replied in further support of the Motion for Summary Judgment. Doc. 37. Finally, on May 23, 2017, Defendant filed a response in opposition to Plaintiff's Motion for Sanctions. Doc. 38.

**B.      Undisputed Facts**

As Plaintiff did not file a timely response to Defendant's Motion for Summary Judgment, the following list of undisputed facts is culled from those listed as such in Defendant's Motion for Summary Judgment.[2] Additionally, Local Rule 56(B) instructs that "In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its

---

[1] Notably, Plaintiff filed a document that is labeled as a "Brief in Support" of her Motion for Sanctions with the Court's electronic filing system, but the document is actually a Brief in Opposition to Defendant's Motion for Summary Judgment. Doc. 32. As such, Plaintiff did not file a brief in support of her Motion for Sanctions.

[2] In addition to Plaintiff's failure to file a timely response in opposition to Defendant's Motion for Summary Judgment, Plaintiff's Brief in Opposition does not include the required section listing the material facts "as to which it is contended that there exists a genuine issue necessary to be litigated." E.D. Va. Loc. R. 56(B).

2

listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition of the motion." E.D. Va. Loc. R. 56(B). As such, the Court is entitled to consider the following facts as admitted undisputed facts.

> 1. On the afternoon of November 7, 2014, the plaintiff went to Walmart to purchase a filter for her fish tank. See Glasgow Dep. 31:1-25, Jan. 26, 2017.
> 2. As she entered the store, she asked the door greeter where the pet department was and was pointed in the direction of the jewelry section. Id., 34:10-13.
> 3. She went over to the jewelry section, and did not see the pet department, so she asked the Walmart employee working in the jewelry section. He directed her "[i]f you look right through there in the ladies' department, you will see it. And he pointed out." Id., 34:13-17.
> 4. The plaintiff looked in the direction the Walmart employee had pointed and could see the pet department. Id., 35:15-23.
> 5. She then proceeded to walk through the ladies' clothing section towards the pet department. Id., 34:19-20.
> 6. "Just as [she] was stepping out of the ladies' clothing section," she slipped. Id., 36:2-5.
> 7. The plaintiff's foot went from under her and she twisted her left ankle as she fell to the floor. Id., 34:23-25, 36:17-20.
> 8. She reached over to a clothing rack and was able to pull herself up from the floor. Id., 38:8-19.
> 9. As she was getting up, she noticed something wet on the floor. Id., 38:20-22; see also Doc. 27, Ex. B.
> 10. The plaintiff did not look at the floor after she got up, but felt her forearm was wet with a sticky substance. Id., 38:23-25, 39:4-18.
> 11. She never saw any of this sticky substance on the floor, either before or after she slipped. Id. at 39:21-25, 40:1-7.
> 12. After she pulled herself up, the plaintiff "hopped over to the jewelry section" about fifteen feet away from where she had fallen. Id., 41:1-7.
> 13. She asked the Walmart employee in the jewelry section to call a manager, which he did. Id., 41:22-25, 42:4-5.
> 14. Assistant Manager Lorna Cox responded, got the plaintiff a chair, requested ice for the plaintiff's leg, and completed an incident report. See Cox Dep. 35:8-15, Jan. 26, 2017; Doc. 27, Ex. D; Glasgow Dep. 42:6-25, 43:1-8, 44:6-9.
> 15. Cox reported there being a "gel-like substance" on the floor after the plaintiff fell. See Doc. 27, Ex. D at 1.
> 16. Walmart had no notice of the substance prior to the plaintiff's fall. See e.g., Cox Dep. 40:5-8; Zamoranos Dep. 12:2-25, Jan. 26, 2017; Ellis Dep. 15:14-23, 17:5-17, Feb. 13, 2017; Cooper Dep. 10:6-25, 11:1-22, Feb. 13, 2017; Reighard Dep. 16:2-22, 17:2-21, 18:4-14, Jan 26, 2017.

Doc. 27 at 2–3.

## II. LEGAL STANDARDS

A. **Summary Judgment**

Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–50 (1986); Terry's Floor Fashions v. Burlington Indus., 763 F.2d 604, 610 (4th Cir. 1985). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings but must instead set forth specific facts illustrating genuine issues for trial. Celotex, 477 U.S. at 322–24. Such facts must be presented in the form of exhibits and sworn affidavits. Failure to rebut the motion with such evidence will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

A mere scintilla of evidence is insufficient to withstand a motion for summary judgment. Rather, the evidence must be such that the fact-finder reasonably could find for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Although the court must draw all justifiable inferences in favor of the nonmoving party, in order to successfully defeat a motion for summary judgment, a nonmoving party cannot rely on "mere belief or conjecture, or the allegations and denials contained in his pleadings." Doyle v. Sentry Ins., 877 F. Supp. 1002, 1005 (E.D. Va. 1995) (citing Celotex, 477 U.S. at 324).

B.   **Slip-and-Fall**

"The rules applicable to slip-and-fall cases are well settled." Winn-Dixie Stores, Inc. v. Parker, 240 Va. 180, 182 (1990). In Winn-Dixie Stores, Inc., the Virginia Supreme Court explained the standard for establishing liability:

> The [store owner] owed the [customer] the duty to exercise ordinary care toward her as its invitee upon its premises. In carrying out this duty it was required to have the premises in a reasonably safe condition for her visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the [customer] of the unsafe condition if it was unknown to her, but was, or should have been, known to the [store owner].

Id. at 182 (quoting Colonial Stores v. Pully, 203 Va. 535, 537 (1962)). "[C]onstructive knowledge or notice of a defective condition of a premise or a fixture may be shown by evidence that the defect was noticeable and had existed for a sufficient length of time" such that the defendant should have known of its existence. Grim v. Rahe, Inc., 246 Va. 239, 242 (1993). If "the evidence fails to show when a defect occurred on the premises, the plaintiff has not made out a prima facie case." Id.; see also Eley v. Food Lion, LLC, No. 2:14cv398, 2015 WL 84629, at *3 (E.D. Va. Feb. 25, 2015).

### III.   DISCUSSION

A.   **Motion for Summary Judgment**

As noted above, Plaintiff failed to file a timely opposition to Defendant's Motion for Summary Judgment. Because Defendant filed its Motion for Summary Judgment on April 18, 2017, Plaintiff's opposition was due on May 2, 2017. E.D. Va. Loc. R. 7(F). Plaintiff filed her Brief in Opposition to Summary Judgment on May 12, 2017. Doc. 32. By failing to properly respond to Defendant's Motion for Summary Judgment, Plaintiff has not identified any evidence of actual or constructive knowledge on behalf of Defendant as to the existence of a substance on

5

the floor prior to the incident. E.D. Va. Loc. R. 56(B). Further, considering the above undisputed facts, there is no evidence that Defendant possessed such knowledge.

At the FPTC, Plaintiff did not present any logical reason as to why a response in opposition to summary judgment was not timely and properly filed. Plaintiff argued that Defendant commonly engaged in a course of conduct of destroying or withholding material evidence in similar cases, and that this course of conduct prevented Plaintiff from rebutting Defendant's claims, but the Court found this argument unconvincing and unsubstantiated. Because Plaintiff's opposition was untimely and did not include the required section listing the material facts "as to which it is contended that there exists a genuine issue necessary to be litigated," the Court "may assume that facts identified by the moving party in its listing of material facts are admitted." E.D. Va. Loc. R. 56(B). As such, based on the undisputed facts, the Court **FOUND** "no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Thus, the Court **GRANTED** Defendant's Motion for Summary Judgment. Doc. 26.

**B.    Motion for Sanctions**

In Plaintiff's Motion for Sanctions, Plaintiff alleges that Defendant "lost and/or destroyed all photographs and video evidence, failed to provide the names of known witnesses and failed to provide a corporate representative with knowledge, all with the intent to circumvent the discovery process, and destroy evidence." Doc. 31 at 3. Further, Plaintiff claims Defendant failed to disclose the names of certain employees who were witnesses to the events leading up to and following the accident. Id. at 2. In Plaintiff's opposition to summary judgment, Plaintiff alleges that the claims file to Plaintiff's case is "missing or destroyed despite the fact that [Defendant] received a 'Preservation of Evidence' letter from plaintiff's counsel." Doc. 32 at 8.

Additionally, Plaintiff proceeds to cite other slip-and-fall cases involving Defendant in an effort to establish a course of conduct of discovery violations by Defendant. See id. at 8–9.

In Defendant's reply in further support of summary judgment, Defendant claims that the "Walmart employees and claims file were adequately and timely identified and produced during discovery." Doc. 37 at 1. Specifically,

> Despite Walmart's objections, and in an effort to resolve the dispute without the Court's involvement, Walmart agreed to provide the names of the employees who were working at the time of the incident, which were available to it. As soon as it became apparent that there might be additional employees who were working on the date of the incident who were not included on the initial list provided, Walmart conducted further investigation and supplemented its responses shortly thereafter.

Id. at 3. Additionally, Defendant's version of the claims file is not missing or destroyed. Id. at 4. The contents of such file "were provided to the plaintiff on December 22, 2016 with Walmart's Rule 26(a)(1) Initial Disclosures." Id. Defendant acknowledges that there "is also a file prepared by Claims Management, Inc., which handles claims on behalf of Walmart." Id. The contents of the Claims Management, Inc. file were largely "claimed as privileged in Walmart's Privilege Log sent to the plaintiff on January 4, 2017." Id. at 5. The remainder of that file was "produced to the plaintiff with Walmart's Initial Disclosures." Id. Additionally, there "is no evidence a store video ever even existed." Id. Plaintiff's Preservation of Evidence letter "was not mailed until April 20, 2016, almost a year and a half after the incident. Footage from the store's cameras on the date of the incident was no longer available when Walmart received the plaintiff's Preservation of Evidence letter." Id. at 6.

In Defendant's response in opposition to Plaintiff's Motion for Sanctions, Doc. 38, Defendant notes that Plaintiff did not file a brief in support of her Motion for Sanctions as required by Rule 16(b) of the Scheduling Order and Local Civil Rule 7(F), id. at 2, Plaintiff's

7

Counsel did not certify that he made a good faith effort to resolve the discovery matters at issue, and Plaintiff has not met her burden of proving spoliation or any other sanctionable action by Walmart. Id. at 3. Additionally, Defendant claims that "Walmart did not withhold the names of the salaried employees and it supplemented its discovery response shortly after learning of the discrepancy." Id. at 4. Defendant also notes that there "is no evidence a store video ever existed." Id. at 5. "The store's Asset Protection Manager Anthony Donaldson handles the store's cameras and video system. Donaldson testified that the store video is only available for approximately 30 days before it is erased." Id. at 4–5. Notably, the "Preservation of Evidence letter sent by plaintiff was not mailed until April 20, 2017, almost a year and a half after the incident." Id. at 5. Finally, Defendant argues that the "photographs taken after the incident are irrelevant to notice and their absence does not prejudice the Plaintiff." Id. at 6. Defendant claims that, "[a]t most, the photographs would show a gel-like substance on the floor after the plaintiff's fall" and "Virginia case[-]law prohibits juries from speculating whether a substance has been on the floor for a long enough period to prove constructive notice based on the substance's appearance." Id. (citing Great Atl. & Pac. Tea Co. v. Berry, 203 Va. 913, 916–917 (1962)).

Plaintiff's Motion for Sanctions fails for a number of reasons. First, Plaintiff did not file a timely response in opposition to Defendant's Motion for Summary Judgement and Plaintiff appears to attempt to use the Motion for Sanctions as a means to argue that the Motion for Summary Judgment should be denied. Second, Plaintiff did not file a brief in support of the Motion for Sanctions, as required by Rule 16(b) of the Scheduling Order and Local Civil Rule 7(F), and Plaintiff's counsel did not certify that he made a good faith effort to resolve the discovery matters at issue prior to filing the Motion for Sanctions. Additionally, at the FPTC,

8

Plaintiff's counsel stated that he cannot prove that Defendant willfully caused spoliation of evidence in this case. A claim for spoliation, however, "cannot be drawn merely from [the] negligent loss or destruction of evidence; the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction." Haliburton v. Food Lion, LLC, No. 3:07cv622, 2008 WL 1809127, at *4 (E.D. Va. Apr. 21, 2008) (citing Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 450 (4th Cir. 2004)). As such, the Court **FOUND** that, in addition the procedural defects of Plaintiff's Motion for Sanctions, Plaintiff failed to furnish any evidence upon which the Court could find spoliation in this case. Thus, the Court **DENIED** Plaintiff's Motion for Sanctions.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTED** Defendant's Motion for Summary Judgment, Doc. 26, and **DENIED** Plaintiff's Motion for Sanctions, Doc. 31. As such, the Court also **DISMISSED** Defendant's Motion In Limine, Doc. 29, and Motion to Strike, Doc. 35, as **MOOT**.

The Clerk is **REQUESTED** to deliver electronically a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
June 5, 2017